**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| ONE INVESTMENT CAPITAL, INC.<br>4474 Weston Road<br>Suite 400<br>Davie, Florida 33331<br><br>        Plaintiff<br>v.<br><br>CLIC TECHNOLOGY, INC.<br>20020 W. Dixie Highway<br>Suite 1202<br>Aventura, Florida 33180<br><br>Serve on Resident Agent:<br>INCORP SERVICES, INC.<br>3773 Howard Hughes Parkway<br>Suite 500S<br>Las Vegas, Nevada 89169<br><br>        Defendant | Case No.: |

## COMPLAINT

Plaintiff, One Investment Capital, Inc., ("ONE INVESTMENT"), by and though its counsel, Matheau J. W. Stout, Esq. files this Complaint against CLIC Technology, Inc. ("CLCI"), and alleges:

1.      This action is instituted pursuant to 15 U.S.C § 77c(a)10 (Section 3(a)(10) of the Securities Act of 1933, hereinafter "Section 3(a)(10)") for the issuance of common stock in exchange for other securities of the same public company owned by the Plaintiff.

2.      This Court has jurisdiction over the parties hereto based on the Federal Statute.

3.      Venue is proper in the Northern District.

4.  Defendant, CLCI is a publicly traded corporation, domiciled in Nevada and headquartered in Florida, and conducting business in Maryland, which has the ability to issue securities under Section 3(a)(10).  (Defendant was previously known as Fundthatcompany and its trading symbol was previously FNTT prior to a name and symbol change approved by FINRA on July 31, 2018).

5.  Plaintiff owns 7,525,000 shares of CLCI common stock.  Plaintiff originally purchased such 7,525,000 shares of CLCI common stock on May 13, 2018 from eight non-affiliate CLCI shareholders who purchased their shares from CLCI pursuant to an effective S-1 registration statement filed by the Company under the Securities Act of 1933 and which was declared effective on November 4, 2016 (the "S-1 Shares") The S-1 Shares have an uncertain market value that depends upon the Company's fluctuating trading prices on OTCMarkets.com, as limited by the fact that the Company only recently became DTC eligible, and has virtually no trading volume in its common stock, but is not less than $100,000 (the "Claim Amount").

6.  Defendant's transfer agent, Mountain Share Transfer, transferred the S-1 Shares into the Plaintiff's name, and also agreed to the removal of the restricted legend on the Section S-1 Shares, relying on a legal opinion provided by Defendant's securities counsel, Jonathan D. Leinwand, Esq., dated August 27, 2018 (the "August 27, 2018 Legal Opinion").  The August 27, 2018 Legal Opinion, and the supporting documents cited therein which detail the origin and history of the S-1 Shares, are attached hereto as Exhibit A.

7.  Beginning on August 27, 2018 and continuing through October 10, 2018, Plaintiff attempted to deposit the S-1 Shares electronically with various stockbrokers in

order to sell the S-1 Shares into the public market, but despite acknowledging the Legal Opinion and the supporting documents thereto, such stockbrokers refused to accept the deposit of the S-1 Shares without a "federal court order", rendering the S-1 Shares essentially worthless to the Plaintiff.

8. Because the S-1 Shares are already issued to Plaintiff without restricted legend, and yet cannot be deposited into Plaintiff's brokerage account and sold into the public market, the S-1 Shares are effectively nothing more than a claim against Defendant ("Claim"), such that Plaintiff has suffered a considerable loss which can only be remedied under Section 3(a)(10), which necessitates this present action.

9. On October 10, 2018 the parties entered into a Settlement Agreement pursuant to Section 3(a)10, a copy of which attached hereto as Exhibit B, under which Defendant affirmed the origin and history of the S-1 Shares and recognized the validity of ONE INVESTMENT'S CLAIM against Defendant. Among other things, Exhibit B sets Maryland as the Venue for any action related thereto.

10. Because the Plaintiff's stockbroker will not allow ONE INVESTMENT to deposit CLCI stock into its brokerage account without a federal court order recognizing an exemption from registration under the Securities Act of 1933, it is impossible for ONE INVESTMENT to recoup its losses without relief under Section 3(a)(10).

11. CLCI's public securities filings detail its inability to repay ONE INVESTMENT using cash, and ONE INVESTMENT seeks a settlement pursuant to Section 3(a)(10) of the Securities Act of 1933 whereby CLCI would obtain the requested federal court order allowing CLCI to issue shares of its publicly traded common stock as payment for the settlement of ONE INVESTMENT's CLAIM under Section 3(a)(10).

12.     Section 3(a)(10) requires that a hearing be conducted as to the fairness of the terms and conditions of the exchange of claims for securities.

WHEREFORE, Plaintiff requests this Honorable Court schedule a hearing to determine the fairness of the proposed settlement and for such other and further relief as is deemed appropriate.

                                              Respectfully submitted,

                                              _____/s/_____
                                              */s/ Matheau J. W. Stout*
                                              Matheau J. W. Stout (28054)
                                              400 E. Pratt Street, 8th Floor
                                              Baltimore, Maryland 21202
                                              (410) 429-7076 Tel
                                              (888) 907-1740 Fax

                                              *Attorney for Plaintiff*