ONE INVESTMENT CAPITAL, INC.      *      IN THE

Plaintiff                                           *      UNITED STATES DISTRICT COURT

v.                                                     *      FOR

CLIC TECHNOLOGY, INC.                 *      THE DISTRICT OF MARYLAND

Defendant                                         *      NORTHERN DIVISION

                                                       *      CIVIL ACTION  NO. 1:18-cv-03410-GLR

*      *      *      *      *      *      *      *      *      *      *      *      *

## JOINT MOTION TO SCHEDULE HEARING BEFORE MAGISTRATE

Plaintiff, ONE INVESTMENT CAPITAL, INC. ("Plaintiff") and Defendant, CLIC TECHNOLOGY, INC. ("Defendant"), by their attorneys, hereby file this joint motion to schedule a hearing before a Magistrate, and state as follows

1. Plaintiff filed its Complaint on November 5, 2018 seeking this Honorable Court's Order approving a settlement between the Parties under Section 3(a)(10) of the Securities Act of 1933 ("Section 3(a)(10)"),

2. Plaintiff's Complaint included a copy of a Settlement Agreement and Stipulation dated October 10, 2018, executed by Plaintiff and Defendant (the "Settlement Agreement"), which is attached again hereto as Exhibit A.

3. Section 3(a)(10) requires that a hearing on the fairness of the terms of the Settlement Agreement be conducted by the Court ("Fairness Hearing"), and such Fairness Hearing may be held before a Magistrate Judge.

4. Plaintiff's Complaint sought as relief the scheduling of a Fairness Hearing.

5.  Defendant filed its Answer on November 13, 2018, which admitted all allegations in Plaintiff's Complaint, and which likewise sought as relief the scheduling of a Fairness Hearing.

6.  There is no dispute among the parties as to matters of fact, and the parties affirm that the terms they have agreed to in the Settlement Agreement are fair to both Plaintiff and Defendant.

7.  The Parties have attached a proposed Order Granting Approval of Settlement Agreement and Stipulation for this Honorable Court's review as Exhibit B.

WHEREFORE, for all of the foregoing reasons, the parties jointly and respectfully request that this Court schedule the matter for a hearing on the fairness of the terms of the Settlement Agreement before a Magistrate Judge.

Respectfully submitted,

/s/ Matheau J. W. Stout                      /s/ Glen K. Allen

Matheau J. W. Stout (28054)                  Glen K. Allen (06150)
400 E. Pratt Street, 8th Floor               502 Edgevale Road
Baltimore, Maryland 21202                    Baltimore, Maryland 21210
(410) 429-7076 Tel                           (410) 802-6453  Tel
(888) 907-1740 Fax

*Attorney for Plaintiff*                     *Attorney for Defendant*

# EXHIBIT A

## SETTLEMENT AGREEMENT AND STIPULATION

THIS SETTLEMENT AGREEMENT and Stipulation dated as of October 10, 2018 ("Agreement") by and between plaintiff One Investment Capital, Inc. ("PLAINTIFF"), and defendant CLIC Technology, Inc., a Nevada corporation quoted on the OTC Markets under the trading symbol CLCI ("COMPANY").

### BACKGROUND:

WHEREAS, there is a bona fide outstanding Claim against the Company in the form of 7,525,000 shares of common stock (the "Claim"). The Company's stock only recently became DTC eligible and began trading in small amounts. Therefore, the value of the Claim depends upon the Company's fluctuating trading prices on the OTCMarkets.com, as limited by the thin volume of trading in the Company's common stock, but is not less than $100,000 (the "Claim Amount"); and

WHEREAS, the Claim originates from a breach of covenant between the Company and Plaintiff, namely, that the PLAINTIFF purchased registered S-1 stock, which it has been prevented from depositing despite its purported free trading status; and

WHEREAS, PLAINTIFF acquired the Claim on the terms and conditions set forth in the documents attached to the S-1 legal opinion dated August 27, 2018 by Jonathan D. Leinwand, P.A. (the "August 27, 2018 Legal Opinion"); and

WHEREAS, PLAINTIFF and the Company desire to resolve, settle, and compromise the Claim through the exchange of the Claim for newly issued common stock exempt from registration and free of restricted legend pursuant to Section 3(a)(10) of the Securities Act of 1933 (the "Act"), subject to compliance with the provisions hereof.

1

NOW, THEREFORE, the parties hereto agree as follows:

1.      Defined Terms.      As used in this Agreement, the following terms shall have the following meanings specified or indicated (such meanings to be equally applicable to both the singular and plural forms of the terms defined):

"AGREEMENT" shall have the meaning specified in the preamble hereof.

"CLAIM AMOUNT" shall mean the an amount equal to the value of the 7,525,000 of common stock, and not less than $100,000..

"COMMON STOCK" shall mean the Company's common stock, $0.001 par value per share, and any shares of any other class of common stock whether now or hereafter authorized, having the right to participate in the distribution of dividends (as and when declared) and assets (upon liquidation of the Company).

"COURT" shall mean the United States District Court for the District of Maryland, Northern Division, located in Baltimore, Maryland.

"DTC" shall have the meaning specified in Section 3b.

"DWAC" shall have the meaning specified in Section 3b.

"FAST" shall have the meaning specified in Section 3b.

"PRINCIPAL MARKET" shall mean the Nasdaq National Market, the Nasdaq SmallCap Market, the OTC Markets, the American Stock Exchange or the New York Stock Exchange, whichever is at the time the principal trading exchange or market for the Common Stock.

"SETTLEMENT SHARES" shall have the meaning specified in Section 3a.

"TRADING DAY" shall mean any day during which the Principal Market shall be open for business.

"TRANSFER AGENT" shall mean the transfer agent for the Common Stock (and to any substitute or replacement transfer agent for the Common Stock upon the Company's appointment of any such substitute or replacement transfer agent).

2.    <u>Fairness Hearing.</u>   Upon the execution hereof, Company and PLAINTIFF agree, pursuant to Section 3(a)(10) of the Act, and the applicable section of the General Statutes of Maryland, to promptly submit the terms and conditions of this Agreement to the Court for a hearing on the fairness of such terms and conditions, and the issuance exempt from registration of the Settlement Shares. This Agreement shall become binding upon the parties only upon entry of an order by the Court (the "Order").

3.    <u>Settlement Shares.</u>   a. Following entry of an Order by the Court in accordance with Paragraph 2 herein and the delivery by PLAINTIFF and Company of the Stipulation of Dismissal (as defined below), in settlement of the Claim, the Company shall issue and deliver to PLAINTIFF a number of shares of its Common Stock equal to the amount of Claim, free of restrictive legend (the "Settlement Shares"), subject to ownership limitations as set forth below

b.    No later than the fifth Trading Day following the date that the Court enters the Order, time being of the essence, Company shall: (i) cause its legal counsel to issue an opinion to Company's transfer agent, in form and substance reasonably acceptable to PLAINTIFF and such transfer agent, that the shares of Common Stock to be issued are legally issued, fully paid and non-assessable, are exempt from registration under the Securities Act, may be issued without restrictive legend, and may be resold by PLAINTIFF without restriction pursuant to the Court Order; and (ii) issue the Settlement Shares by physical delivery, or as Direct Registration Systems (DRS) shares to PLAINTIFF's account with The Depository Trust Company (DTC) or

3

through the Fast Automated Securities Transfer (FAST) Program of DTC's Deposit/Withdrawal Agent Commission (DWAC) system, without any legends or restriction on transfer pursuant to the Court Order. The date upon which the Settlement Shares has been received into PLAINTIFF's account and are available for sale by PLAINTIFF shall be referred to as the "Issuance Date".

      c.    The Company shall deliver to PLAINTIFF the Settlement Shares. The common stock for CLIC only recently became DTC eligible and there is very limited trading volume. Due to this, it is difficult to accurately value the fair market value of the Settlement Shares, since there is very little "market" at this time. However, the parties reasonably estimate that the fair market value of the Settlement Shares to be received by PLAINTIFF is equal to at least $100,000.

      d.    Notwithstanding anything to the contrary contained herein, the Settlement Shares beneficially owned by PLAINTIFF at any given time shall not exceed the number of such shares that, when aggregated with all other shares of Company then beneficially owned by PLAINTIFF, or deemed beneficially owned by PLAINTIFF, would result in PLAINTIFF owning more than 9.99% of all of such Common Stock as would be outstanding on such date, as determined in accordance with Section 16 of the Exchange Act and the regulations promulgated thereunder. In compliance therewith, the Company agrees to deliver the Initial Issuance and any additional issuances in one or more tranches.

    4.    Necessary Action.  At all times after the execution of this Agreement and entry of the Order by the Court, each party hereto agrees to take or cause to be taken all such necessary action including, without limitation, the execution and delivery of such further instruments and

documents, as may be reasonably requested by any party for such purposes or otherwise necessary to effect and complete the transactions contemplated hereby.

5.    Releases.   Upon receipt of all of the Settlement Shares required to be delivered hereby, in consideration of the terms and conditions of this Agreement, and except for the obligations, representations and covenants arising or made hereunder or a breach hereof, the parties hereby release, acquit and forever discharge the other and each, every and all of their current and past officers, directors, shareholders, affiliated corporations, subsidiaries, agents, employees, representatives, attorneys, predecessors, successors and assigns (the "Released Parties"), of and from any and all claims, damages, cause of action, suits and costs, of whatever nature, character or description, whether known or unknown, anticipated or unanticipated, which the parties may now have or may hereafter have or claim to have against each other with respect to the Claim. Nothing contained herein shall be deemed to negate or affect PLAINTIFF's right and title to any securities heretofore or hereafter issued to it by Company or any subsidiary of Company.

6.    Representations.      Company hereby represents, warrants and covenants to PLAINTIFF as follows:

a.    There are 350,000,000 shares of Common Stock of the Company authorized, as of October 10, 2018;

b.    The shares of Common Stock to be issued pursuant to the Order are duly authorized, and when issued will be duly and validly issued, fully paid and non-assessable, free and clear of all liens, encumbrances and preemptive and similar rights to subscribe for or purchase securities;

5

     c.     Upon Court approval of this Stipulation and entry of the Order, the shares will be exempt from registration under the Securities Act and issuable without any restrictive legend pursuant to Section 3(a)(10);

     d.     The Company has, or will have, reserved from its duly authorized capital stock a number of shares of Common Stock at least equal to the number of shares that could be issued pursuant to the terms of the Order;

     e.     If at any time it appears reasonably likely that there may be insufficient authorized shares to fully comply with the Order, Company shall promptly increase its authorized shares to ensure its ability to timely comply with the Order;

     f.     The execution of this Agreement and performance of the Order by Company and PLAINTIFF will not (1) conflict with, violate or cause a breach or default under any agreements between Company and any party (or any affiliate thereof) related to the Claim, or (2) require any waiver, consent, or other action of the Company or any creditor, or their respective affiliates, that has not already been obtained;

     g.     Without limitation, the Company hereby waives any provision in any agreement related to the Claim requiring payments to be applied in a certain order, manner, or fashion, or providing for exclusive jurisdiction in any court other than this Court;

     h.     The Company has all necessary power and authority to execute, deliver and perform all of its obligations under this Agreement;

     i.     The execution, delivery and performance of this Agreement by Company has been duly authorized by all requisite action on the part of Company (including a majority of its independent directors), and this Agreement has been duly executed and delivered by Company;

j.      Company did not enter into the transaction giving rise to the Claim in contemplation of any distribution of Company's Common Stock or other securities;

k.      There has been no modification, compromise, forbearance, or waiver entered into or given by the Company with respect to the Claim. There is no action based on the Claim by the Company that is currently pending in any other court or other legal venue, and no judgment based upon the Claim has been previously entered in any legal proceeding;

l.      [RESERVED]

m.      To the best of the Company's knowledge, PLAINTIFF is not, directly or indirectly, utilizing any of the proceeds received from the sale of the Settlement Shares to provide any consideration to or invest in any manner in the Company or any affiliate of the Company;

n.      Company has not received any notice (oral or written) from the SEC or Principal Market regarding a halt, limitation or suspension of trading in the Common Stock; and

o.      [RESERVED]

p.      Company acknowledges that PLAINTIFF or its affiliates may from time to time, hold outstanding securities of the Company, including securities which may be convertible in shares of the Company's common stock at a floating conversion rate tied to the current market price for the stock. The Company's executive officers and directors have studied and fully understand the nature of the transaction contemplated by this Agreement and recognize that they have a potential dilutive effect. The board of directors of the Company has concluded in its good faith business judgment that such transaction is in the best interests of the Company. The Company specifically acknowledges that its obligation to issue the Settlement Shares is

7

binding upon the Company and enforceable regardless of the dilution such issuance may have on the ownership interests of other shareholders of the Company.

    7.    PLAINTIFF hereby represents, warrants and covenants to Company as follows:

    a.    It is a corporation company duly filed and in good standing under the laws of Delaware; and

    b.    The execution, delivery and performance of this Stipulation by PLAINTIFF has been duly authorized by all requisite action on the part of PLAINTIFF, and this Stipulation has been duly executed and delivered by PLAINTIFF.

    8.    <u>Continuing Jurisdiction.</u>  In order to enable the Court to grant specific enforcement or other equitable relief in connection with this Agreement, (a) the parties consent to the continuing jurisdiction of the Court for purposes of enforcing this Agreement, and (b) each party to this Agreement expressly waives any contention that there is an adequate remedy at law or any like doctrine that might otherwise preclude injunctive relief to enforce this Agreement.

    9.    <u>Conditions Precedent/ Default.</u>

    a.    If Company shall default in promptly delivering the Settlement Shares to PLAINTIFF in the form and mode of delivery as required by Section 3 herein;

    b.    If the Order shall not have been entered by the Court on or prior to December 31, 2018;

    c.    If the Company shall fail to comply with the Covenants set forth in Paragraph 15 hereof;

    d.    If Bankruptcy, dissolution, receivership, reorganization, insolvency or liquidation proceedings or other proceedings for relief under any bankruptcy law or any law for the relief of debtors shall be instituted by or against the Company; or if the trading of the

Common Stock shall have been halted, limited, or suspended by the SEC or on the Principal Market; or trading in securities generally on the Principal Market shall have been suspended or limited; or minimum prices shall have been established for securities traded on the Principal Market; or there shall have been any material adverse change (i) in the Company's finances or operations, or (ii) in the financial markets such that, in the reasonable judgment of PLAINTIFF, makes it impracticable or inadvisable to trade the Settlement Shares; and such suspension, limitation or other action is not cured within ten (10) trading days; then, at the sole option of PLAINTIFF, PLAINTIFF may deem the Company to be in default of the Agreement and Order, and PLAINTIFF may treat this Agreement as null and void.

10.    Information.    Company and PLAINTIFF each represent that prior to the execution of this Agreement, they have fully informed themselves of its terms, contents, conditions and effects, and that no promise or representation of any kind has been made to them except as expressly stated in this Agreement.

11.    Ownership and Authority.    PLAINTIFF represents and warrants that it has not sold, assigned, transferred, conveyed or otherwise disposed of any or all of any claim, demand, right, or cause of action, relating to any matter which is covered by this Agreement, that each is the sole owner of such claim, demand, right or cause of action, and each has the power and authority and has been duly authorized to enter into and perform this Agreement and that this Agreement is the binding obligation of each, enforceable in accordance with its terms.

12.    No Admission.    This Agreement is contractual and it has been entered into in order to compromise disputed claims and to avoid the uncertainty and expense of prolonged litigation.  This Agreement and each of its provisions in any orders of the Court relating to it

9

shall not be offered or received in evidence in any action, proceeding or otherwise used as an admission or concession as to the merits of the Action or the liability of any nature on the part of any of the parties hereto except to enforce its terms.

13.     Binding Nature.  This Agreement shall be binding on all parties executing this Agreement and their respective successors, assigns and heirs.

14.     Authority to Bind.  Each party to this Agreement represents and warrants that the execution, delivery and performance of this Agreement and the consummation of the transactions provided in this Agreement have been duly authorized by all necessary action of the respective entity and that the person executing this Agreement on its behalf has the full capacity to bind that entity.  Each party further represents and warrants that it has been represented by independent counsel of its choice in connection with the negotiation and execution of this Agreement, and that counsel has reviewed this Agreement.

15.     Covenants.

a.     For so long as PLAINTIFF or any of its affiliates holds any Settlement Shares, neither Company nor any of its affiliates shall, without the prior written consent of PLAINTIFF (which may not be unreasonably withheld), vote any shares of Common Stock owned or controlled by it (unless voting in favor of a proposal approved by a majority of Company's Board of Directors), or solicit any proxies or seek to advise or influence any person with respect to any voting securities of Company; in favor of (1) causing a class of securities of Defendant to be delisted from a national securities exchange or to cease to be authorized to be quoted in an inter-dealer quotation system of a registered national securities association, (2) causing a class of equity securities of Company to become eligible for termination of registration pursuant to Section 12(g)(4) of the Securities Exchange Act of 1934, as amended,

(3) taking any action which would impede the purposes and objects of this Settlement Agreement.

b. Upon the signing of the Order by the Court, the Company shall file such OTCMarkets.com or SEC filings as may be required in respect of this Settlement Agreement.

16.   Indemnification.   Company shall indemnify, defend and hold PLAINTIFF and its affiliates harmless with respect to all obligations of Company arising from or incident or related to this Agreement, including, without limitation, any claim or action brought derivatively or directly by shareholders of Company.

17.   Legal Effect.   The parties to this Agreement represent that each of them has been advised as to the terms and legal effect of this Agreement and the Order provided for herein, and that the settlement and compromise stated herein is final and conclusive forthwith, subject to the conditions stated herein, and each attorney represents that his or her client has freely consented to and authorized this Agreement after have been so advised.

18.   Waiver of Defense.   Each party hereto waives a statement of decision, and the right to appeal from the Order after its entry.   Company further waives any defense based on the rule against splitting causes of action.   The prevailing party in any motion to enforce the Order shall be awarded its reasonably attorney fees and expenses in connection with such motion.   Except as expressly set forth herein, each party shall bear its own attorneys' fees, expenses and costs.

19.   Signatures.   This Agreement may be signed in counterparts and the Agreement, together with its counterpart signature pages, shall be deemed valid and binding on each party when duly executed by all parties. This Agreement may be amended only by an instrument in

11

writing signed by the party to be charged with enforcement thereof. This Agreement supersedes all prior agreements and understandings among the parties hereto with respect to the subject matter hereof.

20.     Choice of Law, Etc.   Notwithstanding the place where this Agreement may be executed by either of the parties, or any other factor, all terms and provisions hereof shall be governed by and construed in accordance with the laws of the State of Maryland, applicable to agreements made and to be fully performed in that State and without regard to the principles of conflicts of laws thereof.   Any action brought to enforce, or otherwise arising out of this Agreement shall be brought only in Federal District Court located in Baltimore, Maryland.

21.     [RESERVED]

22.     Inconsistency.   In the event of any inconsistency between the terms of this Agreement and any other document executed in connection herewith, the terms of this Agreement shall control to the extent necessary to resolve such inconsistency.

23.     NOTICES.  Any notice required or permitted hereunder shall be given in writing (unless otherwise specified herein) and shall be deemed effectively given on the earliest of

(a)  the date delivered, if delivered by personal delivery as against written receipt therefor or by confirmed facsimile transmission,

(b)  the seventh business day after deposit, postage prepaid, in the United States Postal Service by registered or certified mail, or

(c)  the second business day after mailing by domestic or international express

courier, with delivery costs and fees prepaid,

in each case, addressed to each of the other parties thereunto entitled at the following addresses (or at such other addresses as such party may designate by ten (10) days' advance written notice similarly given to each of the other parties hereto):

Company:

CLIC TECHNOLOGY, INC.
20020 W. Dixie Highway
Suite 1202
Aventura, Florida 33180

Plaintiff:

ONE INVESTMENT CAPITAL, INC.
4474 Weston Road #400
Davie, FL 33331

with a copy to:

Matheau J. W. Stout, Esq.
400 East Pratt Street
8th Floor
Baltimore, Maryland 21202
Tel  (410) 429-7076

IN WITNESS WHEREOF, the parties have duly executed this Settlement Agreement and Stipulation as of the date first indicated above.


ONE INVESTMENT CAPITAL, INC.

By: _____
         Eli Taieb, President


CLIC TECHNOLOGY, INC.

By: _____
         Name: Roman Bond
         Title: Chief Executive Officer

# EXHIBIT B

| ONE INVESTMENT CAPITAL, INC. | * | IN THE |
| Plaintiff | * | UNITED STATES DISTRICT COURT |
| v. | * | FOR |
| CLIC TECHNOLOGY, INC. | * | THE DISTRICT OF MARYLAND |
| Defendant | * | NORTHERN DIVISION |
|  | * | CIVIL ACTION  NO. 1:18-cv-03410-GLR |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## ORDER GRANTING APPROVAL OF SETTLEMENT AGREEMENT AND STIPULATION

This matter having come on for a hearing on the          day of                  , 2018, to approve the Settlement Agreement entered into as of October 10, 2018, between Plaintiff, One Investment Capital, Inc. ("Plaintiff") and Defendant, Clic Technology, Inc. ("Defendant" and collectively with Plaintiff, the "Parties"), and the Court having held a hearing as to the fairness of the terms and conditions of the Settlement Agreement and Stipulation and being otherwise fully advised in the premises, the Court hereby finds as follows:

The Court has been advised that the Parties intend that the sale of the Shares (as defined by the Settlement Agreement and, hereinafter, the "Shares") to and the resale of the Shares by Plaintiff in the United States, assuming satisfaction of all other applicable securities laws and regulations, will be exempt from registration under the Securities Act of 1933 (the "Securities Act") in reliance upon Section 3(a)(10) of the Securities Act based upon this Court's finding herein that the terms and conditions of the issuance of the Shares by Defendant to  Plaintiff are fair to Plaintiff;

The hearing having been scheduled upon the consent of Plaintiff and Defendant, Plaintiff has had adequate notice of the hearing and Plaintiff is the only party to whom Shares will be issued pursuant to the Settlement Agreement;

The terms and conditions of the issuance of the Shares in exchange for the release of certain claims as set forth in the Settlement Agreement are fair to Plaintiff, the only party to whom the Shares will be issued;

The fairness hearing was open to Plaintiff. Plaintiff was represented by counsel at the hearing who acknowledged that adequate notice of the hearing was given and consented to the entry of this Order.

It is hereby ORDERED AND ADJUDGED that the Settlement Agreement and Stipulation is hereby approved as fair to the party to whom the Shares will be issued, within the meaning of Section 3(a)(10) of the Securities Act and that the sale of the Shares to Plaintiff and the resale of the Shares in the United States by Plaintiff, assuming satisfaction of all other applicable securities laws and regulations, will be exempt from registration under the Securities Act of 1933. The Settlement Agreement and Stipulation entered into between the parties is hereby approved and the parties are ordered to comply with same. The United States District Court for the District of Maryland, Northern Division reserves jurisdiction over the parties to this action as well as the subject matter herein for purposes of contempt and enforcement of the Settlement Agreement and Stipulation as well as for such other purposes as allowed by law.

SO ORDERED, this        day of                    , 2018.

_____

conformed copies to: